J-S51043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| COREY C. CONAWAY | : | |
| | : | |
| Appellant | : | No. 3758 EDA 2016 |

Appeal from the PCRA Order November 8, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0005366-2010

BEFORE:   BOWES, SHOGAN, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:               **FILED AUGUST 14, 2017**

Appellant Corey C. Conaway appeals *pro se* from the Order entered in the Court of Common Pleas of Philadelphia County on November 8, 2016, dismissing as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] Because this petition is untimely without an applicable exception, we affirm.

The PCRA court aptly set forth the relevant facts and procedural history herein as follows:

On February 10, 2012, following a jury trial before this [c]ourt, [Appellant] was convicted of one count of first degree murder, (18 Pa.C.S. § 2502(a)), one count of robbery (18 Pa.C.S. § 3701(a)(1)(i)), one count of burglary (18 Pa.C.S. §

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

3502(a)), and one count of possessing an instrument of crime (18 Pa.C.S. 907(a)). The [c]ourt immediately imposed the mandatory sentence of life in prison for the murder charge (18 Pa.C.S. § 1102(a)(1)). No further penalty was imposed on the remaining charges.[2]

On March 9, 2012, [Appellant] filed a *pro se* Notice of Appeal. The Court subsequently held a hearing, pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), on April 24, 2012, and permitted defendant to proceed *pro se* on appeal with standby counsel. On November 5, 2012, the Superior Court dismissed [Appellant's] appeal for failure to file a brief.

[Appellant] then filed a *pro se* petition under the Post-Conviction Relief Act ("PCRA") on November 4, 2013 ("First Petition"). The Court appointed counsel to represent [Appellant] on May 20, 2014. On June 3, 2014, pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988), [Appellant's] counsel filed a letter stating there was no merit to [Appellant's] claims for collateral relief. On September 19, 2014, the [c]ourt formally dismissed [Appellant's] PCRA Petition and granted counsel's motion to withdraw his appearance. [Appellant] appealed, and the Superior Court affirmed the dismissal on October 5, 2015.

[Appellant] then filed a second *pro se* petition under the PCRA on February 19, 2016 ("Second Petition"), raising the sole claim that his mandatory life sentence was unconstitutional since he was a "minor/juvenile" at the time of his offense. His claim was based on the decisions of the Supreme Court of the United States in *Miller v. Alabama*, 132 S.Ct. 2455 (2012) and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). Second Petition at ¶ 10. *Miller* held that mandatory life imprisonment without parole violates the Eighth Amendment to the United States Constitution for defendants under the age of 18 at the time of the offense, and *Montgomery* held that *Miller* applies retroactively to cases on state collateral review. *Miller*, 132 S.Ct. at 2460; *Montgomery*, 136 S.Ct. at 732. On July 5, 2016, after reviewing [Appellant's] Second Petition, this [c]ourt ruled that [Appellant's] petition was untimely. That day, pursuant to Pa.R.Crim.P. 907, the [c]ourt issued notice of its intent to dismiss the petition without a hearing ("Second 907 Notice"). On

---

[2] The charges arose following Appellant's brutally beating to death his elderly neighbor with a cast-iron frying pan after he broke into her home and stole items therefrom along with the victim's automobile.

November 8, 2016, the [c]ourt entered an order dismissing [Appellant's] Second Petition.

Trial Court Opinion, filed 1/12/17, at 1-2.

Appellant filed a timely notice of appeal with this Court, and the parties have complied with Pa.R.A.P. 1925. In his brief, Appellant presents the following questions for our review:

(1) Whether the PCRA [c]ourt err'd [sic] in dismissing Appellant's subsequent PCRA without a hearing where Appellant met the plain language of 42 Pa.C.S.A. § 9545(b)(ii)(iii)(2)?

(2) Whether the PCRA [c]ourt err'd [sic] in dismissing Appellant's PCRA without a hearing where Appellant challenged his now unconstitutional mandatory Life Sentence pursuant to Montgomery v. Louisiana, supra, and this Commonwealth's Public Policy pursuant to Art. 5, § 16(q)(ii)?

(3) Whether Appellant met the statutory requirement under the past tense plain language doctrine of 42 Pa.C.S.A. § 9545(b)(ii)(iii)(2) where his sole issue center[s] squarely upon the level of this Commonwealth's Constitutional definition of Juvenile under Art. 5, § 16(q)(ii)?

Brief for Appellant at 4. As Appellant did not devote a separate discussion to each of these claims and they are interrelated, we will consider them together.

"Our standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Wojtaszek*, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted), *appeal denied*, 600 Pa. 733, 963 A.2d 470 (2009). Before we may address

the merits of the issues Appellant raises, we must first determine whether Appellant's instant PCRA petition is timely. *See Commonwealth v. Hutchins*, 760 A.2d 50, 53 (Pa.Super. 2000).

A PCRA petition, including a second or subsequent one, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The petitioner bears the burden to allege and prove one of the enumerated exceptions to the one-year time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa.Super. 2008) (finding that to invoke a statutory exception to the PCRA time-bar, petitioner must properly plead and prove all required elements of the exception). Moreover, "the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented." *See* 42 Pa.C.S.A. § 9545(b)(2); *Commonwealth v. Walters*, 135 A.3d 589, 592 (Pa.Super. 2016) (citations omitted).

Appellant's instant PCRA petition is clearly untimely. Because he did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania, Appellant's judgment of sentence became final on December 5, 2012, thirty (30) days after this Court dismissed his appeal for failure to file a brief. *See* 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final at conclusion of direct review or at expiration of time for seeking that review). Thus, Appellant had until December 5, 2013, to file a timely PCRA petition; however, Appellant did not file the instant petition until 2016; therefore, it is patently untimely under the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Gamboa−Taylor*, 562 Pa. 70, 753 A.2d 780 (2000).

Indeed, Appellant does not contest, as the PCRA court aptly found, that the instant PCRA petition was filed untimely, and he concedes he was over the age of eighteen at the time he committed the crimes for which he had been convicted.[3] **See** Brief of Appellant at 9; PCRA Court Opinion, filed 1/12/17, at 4. Nevertheless, Appellant attempts to invoke the "newly recognized constitutional right" exception to the PCRA time-bar and avers his sentence is illegal under **Montgomery v. Louisiana**, ___ U.S. ____, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016) and **Miller v. Alabama**, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed. 2d 407 (2012).

Appellant filed the instant petition on February 19, 2016, within sixty days after the Supreme Court decided **Montgomery**,[4] and the High Court held therein that the new substantive rule of constitutional law announced in

---

[3] Appellant's date of birth is August 28, 1991, and the murder occurred on January 18, 2010.

[4] The United States Supreme Court decided **Montgomery** on January 25, 2016, and in **Commonwealth v. Secreti**, 134 A.3d 77, 82, (Pa.Super. 2016), this Court held that the date upon which **Montgomery** had been decided is to be used when calculating whether a petition is timely filed under the sixty-day rule of 42 Pa.C.S.A. § 9545(b)(2). Thus, if the right announced in **Miller** applies to Appellant's claims, the instant PCRA petition is timely. **See Commonwealth v. Woods**, **supra** at ___ A.3d ____, 2017 WL 2536525, at *5, (citing **Commonwealth v. Abdul–Salaam,** 571 Pa. 219, 227, 812 A.2d 497, 501–02 (2002) (stating ruling regarding retroactive application of new constitutional right must be made prior to filing of PCRA petition)); **see also Commonwealth v. Porter**, 613 Pa. 510, 526, 35 A.3d 4, 13–14 (2012) (provisions in 42 Pa.C.S.A. § 9545(b)(1), (2) relating to PCRA's time-bar exceptions are necessarily claim-specific given sixty-day filing restriction and fact that the statute addresses "exceptional" claims).

*Miller* applies retroactively to cases on collateral review. *Montgomery v. Louisiana*, ___ U.S. at ____, 136 S.Ct. at 736, 193 L.Ed.2d at ____. Notwithstanding, we conclude the dictates of *Montgomery/Miller* are inapplicable to Appellant.

In *Miller*, the United States Supreme Court held that sentencing a juvenile convicted of a homicide offense to a mandatory term of life imprisonment without parole violates the Eighth Amendment's prohibition against cruel and unusual punishment. Accordingly, such sentences cannot be handed down unless a judge or jury first considers mitigating circumstances.  The *Miller* decision applies to only those defendants who were "under the age of 18 at the time of their crimes." *Miller*, ___ U.S. ____, 132 S.Ct. at 2469, L.Ed.2d at ____. *See also Commonwealth v. Cintora*, 69 A.3d 759, 764 (Pa.Super. 2013) (deciding *Miller* is not an exception under Section 9545(b)(1)(iii) to those over the age of eighteen at the time crimes were committed) *see also Woods*, *supra*, at *6. Therefore, we agree with the PCRA court that the holdings in *Montgomery/Miller* are not applicable to Appellant.

Appellant argues, nevertheless, that he may invoke *Montgomery/Miller* because "the mere designation of the age of 18 [for] a juvenile [as] a mature adult crumbles under the weight of Art. 5, § 16(q)(ii), and the ongoing research of articles into neuroscience and developed psychology that distinguish juveniles from adults."  Brief of Appellant at 8-9.

Appellant urges this Court to "undertake a serious independent analysis of our State Constitutional provision where the Eighth Amendment forbids arbitrary age distinctions and discrimination for those who commits [sic] the same offenses." Brief of Appellant at 9. While Appellant essentially seeks an extension of **Montgomery/Miller** to persons convicted of murder who were older at the time of their crimes than the class of defendants subject to the **Miller** holding, this Court previously has rejected such an argument. **See Commonwealth v. Furgess**, 149 A.3d 90 (Pa.Super. 2016) (holding the nineteen-year-old appellant was not entitled to relief under **Miller/Montgomery** on collateral review and rejecting argument that he should be considered a "technical juvenile").

For the foregoing reasons, Appellant's PCRA petition is untimely and he has failed to invoke successfully any exception to the statutory time-bar. As such, the PCRA court correctly determined it lacked jurisdiction to address the merits of Appellant's substantive claims, and we discern no other basis on which to disturb the PCRA court's dismissal of Appellant's petition as untimely. Accordingly, we affirm.

Order Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/2017